IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS,<br><br>              Plaintiff,<br><br>   v.<br><br>S. CARNERO; L. MATSUNO;<br>RANDY GROUNDS.<br><br>              Defendants.<br>_____ / | No. C 14-0926 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He is granted leave to proceed in forma pauperis in a separate order. Based on a review of the complaint (dkt. 1) pursuant to 28 U.S.C. 1915, it is dismissed for failure to state a cognizable claim for relief.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2 statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
3 upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
4 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
5 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
6 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
7 do. . . . Factual allegations must be enough to raise a right to relief above the speculative
8 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
9 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
10 at 1974.

**B.    LEGAL CLAIMS**

Plaintiff alleges that a letter he mailed to a medical expert that he wanted to consult about his pending civil rights case, *Sessoms v. Thornton, et al.*, No. C 13-0714 WHA (PR), was returned to him by the United States Postal Service. When he received the returned letter, he found that someone had also written false and derogatory marks about plaintiff on the envelope. Plaintiff requested that defendants, SVSP employees, investigate and determine who wrote on the envelope. Defendants are not alleged to have written on the envelope, but rather to have failed to conduct an adequate investigation or identify the person who did.

Plaintiff claims that defendants violated his First, Eighth and Fourteenth Amendment right by not identifying the person who wrote on his envelope. Prisoners enjoy a First Amendment right to send and receive mail, *see Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995), but defendants' alleged failure to identify the person who wrote on the envelope cause the mail to be returned, nor indeed did the writing itself. As such, defendants did not interfere with his sending or receiving mail. Defendants' failure to identify the person who wrote on the envelope also does not violate due process. Due process violations occur when officials do things that "shock the conscious" or create prison "conditions so severe as to affect the sentence imposed in an unexpected manner." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (procedural due process); *Porter v. Osborn*, 952 F.3d 1131, 1137 (9th Cir. 2008) (substantive

2

1  due process). Not identifying someone who wrote mean things on plaintiff's envelope does not
2  rise close to such a level. Similarly, the failure to identify the envelope writer is not a
3  sufficiently "serious deprivation" to be considered cruel and unusual punishment under the
4  Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (Eighth Amendment
5  protects against deprivations of basic necessities of life such as food, clothing, shelter,
6  sanitation, medical care and personal safety).

7  Plaintiff also claims that defendants' conduct violates his constitutional rights to access
8  the courts and to be free from retaliation because the letter he sought medical expertise for his
9  pending civil rights case. Defendants did not obstruct his access to the courts because they did
10 not obstruct the mail in any way. In addition, there is no allegation that not having his letter
11 delivered to the potential medical expert caused him "actual injury," i.e. prevented him from
12 pursuing his medical claims in his currently pending civil rights case. *See Lewis v. Casey*, 518
13 U.S. 343, 350-55 (1996). Nor is there any actionable retaliation claim because plaintiff alleges
14 that defendants failed to identify the envelope writer in order to protect his identity, not because
15 of plaintiff's prior lawsuit or other constitutionally protected speech. *See Huskey v. City of San*
16 *Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim consists of adverse action caused by
17 protected speech).

18 Plaintiff's complaint that defendants have not identified the person who wrote
19 derogatory things about him on his returned mail, even if true, does not rise to the level of a
20 constitutional violation. Accordingly, it does not state a cognizable claim for relief under
21 Section 1983.

## CONCLUSION

23 For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable
24 claim for relief.

25 The clerk shall enter judgment and close the file.

26 **IT IS SO ORDERED.**

27 Dated: March   31  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3